**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SANJIT GANGULI, as Independent Administrator of the Estates of MUKTESH MUKHERJEE, Deceased, and XIAOMO BAI, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> MALAYSIA AIRLINES BERHAD and MALAYSIAN AIRLINES SYSTEM BERHAD, <br><br> Defendants. | Case No. 1:15-cv-11832 <br><br> Hon. Harry D. Leinenweber |

**ANSWER AND SEPARATE DEFENSES OF DEFENDANT
MALAYSIAN AIRLINE SYSTEM BERHAD (ADMINISTRATOR
APPOINTED) TO PLAINTIFF'S COMPLAINT**

Without waiver of any rights, privileges and defenses, and without conceding the appropriateness of this forum for resolution of this lawsuit, Defendant Malaysian Airline System Berhad (Administrator Appointed) (hereinafter "MAS"), incorrectly sued as "Malaysian Airlines System Berhad," through its undersigned counsel, Kaplan, Massamillo & Andrews LLC, makes this Answer to the Plaintiff's Complaint, and states as follows:

<u>PARTIES</u>

1.      Plaintiff, SANJIT GANGULI, is a citizen of the United States and resident of the State of Virginia.

**ANSWER:**    MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies all allegations.

2.      At the time of his death, MUKTESH MUKHERJEE was a permanent resident of the United States and had/maintained a principal and permanent residence in Chicago, Illinois, where, among other things, he owned a condominium, maintained a storage locker, held an Illinois driver's license, and maintained a safety deposit box and bank accounts.

**ANSWER:**   MAS denies that MUKTESH MUKHERJEE's principal and permanent residence at the time of his death was in Illinois or anywhere in the United States.  MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 and therefore denies all remaining allegations.

3.      At the time of her death, XIAOMO BAI was a permanent resident of the United States and had/maintained her principal and permanent residence in Chicago, Illinois, where, among other things, she owned a condominium, maintained a storage locker, held an Illinois driver's license, and maintained a safety deposit box and bank accounts.

**ANSWER:**   MAS denies that XIAMO BAI's principal and permanent residence at the time of her death was in Illinois or anywhere in the United States.  MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 and therefore denies all remaining allegations.

4.      At the time of their deaths MUKTESH MUKHERJEE and XIAOMO BAI were lawfully wedded.

**ANSWER:**   MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and therefore denies all allegations.

5.      At the time of their deaths MUKTESH MUKHERJEE and XIAOMO BAI left surviving them two minor children, Miles Jiaxin Mukherjee and Mirav Qiao Hui Mukherjee, as

their heirs at law. Miles and Mirav were both born at Northwestern Memorial Hospital in Chicago, Illinois and are citizens of the United States.

**ANSWER:**    MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies all allegations.

6.    Plaintiff, SANJIT GANGULI, is the Independent Administrator of the Estate of MUKTESH MUKHERJEE, Deceased, having been duly appointed as such by the Circuit Court of Cook County on August 11, 2014.  He brings this action as the Independent Administrator of the Estate of MUKTESH MUKHERJEE, Deceased, and on behalf of each and every beneficiary, survivor, and heir of MUKTESH MUKHERJEE, Deceased, upon applicable law.

**ANSWER:**    MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies all allegations.

7.    Plaintiff, SANJIT GANGULI, is the Independent Administrator of the Estate of XIAOMO BAI, Deceased, having been duly appointed as such by the Circuit Court of Cook County on August 11, 2014.  He brings this action as the Independent Administrator of the Estate of XIAOMO BAI, Deceased, and on behalf of each and every beneficiary, survivor, and heir of XIAOMO BAI, Deceased, upon applicable law.

**ANSWER:**    MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies all allegations.

8.    At all times relevant hereto, Defendants, MAB and MASB, were airline carriers for hire.

**ANSWER:**    MAS admits only that on March 8, 2014, MAS was the national air carrier for Malaysia and was an "agency or instrumentality" of the Malaysian government, and in that capacity it conducted commercial air transportation operations.  MAS denies each and every

remaining allegation of Paragraph 8 as they apply to MAS.  Insofar as any remaining allegation of Paragraph 8 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

9.      Defendant, MAB (formerly known as MASB) is a corporation which, upon information and belief, is domiciled and organized under the laws of Malaysia with its principal offices in Malaysia. Defendant, MAB (formerly known as MASB) conducts systematic and continuous business in the United States from, inter alia, offices at numerous United States locations, including but not limited to: (a) 1111 E. Touhy Ave., Suite 232, Des Plaines, Illinois 60018; (b) 500 Continental Boulevard, Suite 100, El Segundo, California, 90245; (c) 147 West 35th Street, Suite 1505, New York, New York 10001; and (d) 3050 Post Oak Boulevard, Suite 1320, Houston, Texas 77056. (See http://www.malaysiaairlines.com/my/en/contact.html/).

**ANSWER:**    MAS admits that it is a legal entity organized and existing under the laws of Malaysia and that Malaysia is where it maintains its headquarters and principal place of business.  MAS denies each and every other allegation of Paragraph 9.

## JURISDICTION AND VENUE

10.     At all times alleged herein, Malaysia was a party to the international treaty for the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (hereinafter "Montreal Convention"), having acceded on December 31, 2007 and taking effect on February 29, 2008.

**ANSWER:**    MAS admits only that the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (hereinafter "Montreal Convention") is applicable to this claim because it arises out of "international carriage by air," and that the Montreal Convention governs in accordance with the terms and conditions as set forth therein. To the extent that any allegation of Paragraph 10 is inconsistent with or

incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

11.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The claim of Plaintiff SANJIG GANGULI, as Independent Administrator of the Estates of MUKTESH MUKHERJEE and XIAMO BAI arises under an international treaty, the Montreal Convention or one of its predecessor conventions.

**ANSWER:**     MAS admits only that this claim is governed by the terms and conditions of the Montreal Convention.  To the extent that any allegation of Paragraph 11 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

12.     The Montreal Convention confers jurisdiction to United States courts for aviation incidents where the airline has a place of business through which the contract has been made in the United States.  See Art. 33(1) of the Montreal Convention.

**ANSWER:**     MAS admits only that the Montreal Convention governs jurisdiction over this claim in accordance with the terms as set forth under Article 33 of the Convention.  To the extent that any allegation of Paragraph 12 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

13.     On information and belief, the ticket for international carriage by air of Plaintiff's Decedents, MUKTESH MUKHERJEE and XIAMO BAI, was purchased in the United States through a travel company named Corporate Travel America located in Pittsburgh, Pennsylvania.

**ANSWER:**     MAS denies each and every allegation of Paragraph 13.

14.     The Montreal Convention confers jurisdiction to the United States for aviation incidents where the deceased passenger had his/her principal and permanent residence in the

United States and where the airline operates services for carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to an agreement with other carriers in the Unites States. See Art. 33(2) of the Montreal Convention.

**ANSWER:**    MAS admits only that the Montreal Convention governs jurisdiction over this claim in accordance with the terms as set forth under Article 33 of the Convention.  To the extent that any allegation of Paragraph 14 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

15.    At all times alleged herein, Defendants, MAB and MASB, intentionally and purposely operated services of passengers by air in the United States, including in the State of Illinois and in this Judicial District as well as other cities in the United States, either by itself or through commercial agreements with other carriers, including American Airlines, and through an Illinois office located in the City of Des Plaines and other offices as identified in paragraph 13, above.

**ANSWER:**    MAS denies each and every allegation of Paragraph 15.

16.    On January 29, 2015, Defendant, MAB and/or MASB, announced the incident out of which this case arises was an "accident" and further stated:

> The Government of Malaysia assures that Malaysia Airlines will undertake their responsibilities in relation to the legitimate rights and interests of the next-of-kin as provided under the relevant international instruments and relevant domestic laws, with due consideration to international practice. This includes the fulfillment of the compensation process, whether it is pursued through consultation or through litigation. We further understand that Malaysia Airlines is ready to proceed immediately with the compensation process, with due regard for the readiness of the next-of-kin to take this step.

> See *Press Statement by Director General of Department of Aviation on 29 January 2015, 6.00 pm,* available at http://www.malaysiaairlines.com/content/dam/malaysia-airlines/mas/PDF/MH370/Announcement_of_MH370_by_DOA_english.pdf.

**ANSWER:**   MAS denies each and every allegation of Paragraph 16.

17.   This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiff, SANJIT GANGULI, is a citizen of the United States. Defendants, MAB and MASB are corporations organized under the laws of Malaysia with its principal offices in Malaysia.

**ANSWER:**   MAS admits only that it is organized under the laws of Malaysia as Malaysia's national air carrier and has its principal office in Malaysia.  MAS denies all other allegations of Paragraph 17.

18.   The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**ANSWER:**   MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore denies all allegations.

19.   Venue is properly based on 28 U.S.C. § 1391(f)(3) because at all times relevant hereto, Defendants, MAB and/or MASB, were doing business in this District through an  Illinois office located in the City of Des Plaines and through commercial agreements with other carriers located in this District.

**ANSWER:**   MAS admits that the provisions of 28 U.S.C. § 1391(f)(3) are applicable to this matter because MAS is an "agency or instrumentality" of a foreign state pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602, *et seq*.  MAS denies each and every remaining allegation of Paragraph 19 as they apply to MAS.  Insofar as any allegation of Paragraph 19 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

20.   Venue is also properly based on Article 33 of the Montreal Convention because the principal and permanent residence of Plaintiff's decedents was Chicago, Illinois and Defendants, MAB and/or MASB, operate services for the carriage of passengers by air, either on its own aircraft or on another carrier's aircraft pursuant to a commercial agreement.

**ANSWER:**   MAS admits only that the Montreal Convention governs jurisdiction over this claim in accordance with the terms as set forth in Article 33 of the Convention.  MAS denies that Plaintiff's decedents' principal and permanent residence at the time of their death was in Chicago, Illinois or anywhere in the United States.  To the extent that any remaining allegation of Paragraph 20 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

## GENERAL ALLEGATIONS

21.    On and before March 8, 2014, Defendant, MAB or MASB, owned, managed, maintained, scheduled, supervised and/or operated a  Boeing 777-2H6ER, serial number 28420, and bearing a registration number of 9M-MRO ("aircraft").

**ANSWER:**   MAS admits only that it operated a Boeing 777-2H6ER, serial number 28420, bearing registration number 9M-MRO (the "Aircraft") on March 8, 2014.  MAS denies each and every remaining allegation of Paragraph 21 as they apply to MAS.  Insofar as any allegation of Paragraph 21 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

22.    On March 8, 2014, the aircraft was listed as Malaysia Airlines Flight 370 and was scheduled to fly as an international flight from Kuala Lumpur, Malaysia to Beijing, China.

**ANSWER:**   MAS admits only that the Aircraft was operated as Flight MH370 and was scheduled as an international flight departing from Kuala Lumpur, Malaysia and bound for Beijing, China within the meaning of the Montreal Convention.  To the extent that any remaining allegation of Paragraph 22 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

23.   On March 8, 2014, Plaintiff's decedents, MUKTESH MUKHERJEE and XIAOMO BAI, were fare-paying passengers on board the international Flight 370.

**ANSWER:**   MAS admits only that Plaintiff's decedents were ticketed passengers on board Flight MH370 and that the decedents' tickets provided for international transportation commencing in and having Beijing, China as their destination within the meaning of the Montreal Convention.   To the extent that any remaining allegation of Paragraph 23 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

24.   On March 8, 2014, the international Flight 370 was over the South China Sea when it lost contact with ground control and soon after disappeared.

**ANSWER:**   MAS admits only that the last currently-confirmed, completed communication between the Flight MH370 flight crew and air traffic controllers was less than an hour into the flight when the subject aircraft was over the South China Sea. MAS denies each and every remaining allegation of Paragraph 24.

25.   On August 11, 2014, the Circuit Court of Cook County entered an order declaring the death of MUKTESH MUKHERJEE.

**ANSWER:**   MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore denies all allegations.

26.   On August 11, 2014, the Circuit Court of Cook County entered an order declaring the death of XIAOMO BAI.

**ANSWER:**   MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore denies all allegations.

27.     As a direct and proximate result of the conduct of Defendants, MAB or MASB, both MUKTESH MUKHERJEE and XIAOMO BAI sustained injuries which resulted in their deaths, and their beneficiaries, heirs and survivors have incurred funeral, burial, travel, and related expenditures.

**ANSWER:**   MAS denies each and every allegation of Paragraph 27 as they apply to MAS. Insofar as any allegation of Paragraph 27 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

28.     As a direct and proximate result of the conduct of Defendants, MAB or MASB, both MUKTESH MUKHERJEE and XIAOMO BAI died and their beneficiaries, including without limitation, their two minor children, Miles Jiaxin Mukherjee and Mirav Qiao Hui Mukherjee, have been damaged and will continue to be deprived of their future services, companionship, guidance, increased inheritance and support, and have sustained and will continue to sustain other economic and pecuniary losses, non-pecuniary losses as well as all other compensable/available damages under applicable law.

**ANSWER:**   MAS denies each and every allegation of Paragraph 28 as they apply to MAS. Insofar as any allegation of Paragraph 28 pertaining to an entity other than MAS is deemed directed to MAS, it is denied.

29.     Plaintiff's decedents, MUKTESH MUKHERJEE and XIAOMO BAI, in no way contributed to or caused the disappearance of Flight 370, or their injuries or death.

**ANSWER:**   MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies all allegations.

## COUNT I – MALAYSIAN AIRLINES SYSTEM BERHAD –
## MONTREAL CONVENTION – MUKTESH MUKHERJEE

30.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

**ANSWER:**     MAS restates its answers to Paragraphs 1 through 29 as if fully set forth herein.

31.     On information and belief, at the time of his injury and death, Plaintiff's decedent, MUKTESH MUKHERJEE, was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17, and 33 and all other relevant provisions and Articles of the Montreal Convention.

**ANSWER:**     MAS admits only that Montreal Convention is applicable to this claim and that the jurisdiction and liability provisions under the Montreal Convention govern in accordance with the terms as set forth therein. MAS denies that jurisdiction is proper in the United States under Article 33 of the Montreal Convention. To the extent that any remaining allegation of Paragraph 31 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

32.     At all times relevant hereto, Defendant, MASB and/or MAB, was the carrier who was providing international carriage by air to Plaintiff's Decedent, MUKTESH MUKHERJEE, under the terms of the Montreal Convention.

**ANSWER:**     MAS admits only that it was the carrier who operated Flight MH370 on March 8, 2014 within the meaning of the Montreal Convention and that Muktesh Mukherjee was a ticketed passenger.  To the extent that any remaining allegation of Paragraph 32 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

33.     Article 17(1) of the Montreal Convention states:

The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

**ANSWER:**     MAS admits only that the Montreal Convention is applicable to this claim and that the Montreal Convention's liability provisions govern in accordance with the terms as set forth therein.  To the extent that any remaining allegation of Paragraph 33 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

34.     The disappearance of Fight 370 on March 8, 2014 was an "accident" within the meaning of Article 17(1) of the Montreal Convention.  Defendant, MASB, has declared it as such. (See paragraph 16, above).

**ANSWER:**     MAS admits only that the loss of Flight MH370 was an "accident" within the meaning of the Montreal Convention.  MAS denies that the statement quoted in Paragraph 16 is attributable to MAS.   To the extent that any remaining allegation of Paragraph 34 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

35.     As a direct and proximate result of the aforesaid accident, Plaintiff's decedent, MUKTESH MUKHERJEE, sustained injuries which resulted in his death.

**ANSWER:**     MAS admits only that all passengers on board Flight MH370 are presumed to have lost their lives. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 and therefore denies all remaining allegations.

36.     As a direct and proximate result of the aforesaid accident, damages resulted to Plaintiff, to the Estate and to MUKTESH MUKHERJEE's minor children and all other beneficiaries, survivors and heirs under applicable law, and caused pre-impact terror, pain, suffering, injuries and death to MUKTESH MUKHERJEE.  As a result, the distributes and loving survivors of MUKTESH MUKHERJEE have suffered pecuniary loss, and non-pecuniary loss, and have incurred funeral expenses, and have suffered a loss of the pecuniary benefits and non-pecuniary benefits they had a reasonable right to expect had MUKTESH MUKHERJEE survived, including but not limited to the loss of his society, consortium, companionship, services, support, grief and sorrow, as well as possible inheritance and any other damages under the Montreal Convention or other applicable law.

**ANSWER:**     MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore denies all allegations.

37.     Defendant, MASB, is strictly liable for the injuries the Plaintiff has sustained in the course of international carriage by air under the terms of the Montreal Convention.

**ANSWER:**     MAS admits only that the Montreal Convention applies to this claim and that the Montreal Convention's liability provisions govern in accordance with the terms as set forth therein.  To the extent that any remaining allegation of Paragraph 37 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

38.     Defendant, MASB, may not limit its liability for the first 113,000 Special Drawing Rights for each passenger of Flight 370, including MUKTESH MUKHERJEE.  See Art. 21(1) of the Montreal Convention.

**ANSWER:**   MAS admits only that the Montreal Convention applies to this claim and that the Montreal Convention's liability provisions govern in accordance with the terms as set forth therein. To the extent that any remaining allegation of Paragraph 38 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

39.     For liability in amounts exceeding 113,000 Special Drawing Rights, Defendant, MASB, has the burden to prove the death of MUKTESH MUKHERJEE was not caused by its negligence or other wrongful act or omission. See Art. 21(2) of the Montreal Convention.

**ANSWER:**   MAS admits only that the Montreal Convention applies to this claim and that the Montreal Convention's liability provisions govern in accordance with the terms as set forth therein. To the extent that any remaining allegation of Paragraph 39 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

WHEREFORE, Defendant Malaysian Airline System Berhad (Administrator Appointed) prays for the entry of judgment in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice with costs awarded to it, and for such other and further relief as to this Court may seem just and proper in the circumstances.

### COUNT II – MALAYSIAN AIRLINES SYSTEM BERHAD – MONTREAL CONVENTION – XIAOMO BAI

40.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

**ANSWER:**   MAS restates its answers to Paragraphs 1 through 29 as if fully set forth herein.

41.     On information and belief, at the time of her injury and death, Plaintiff's decedent, XIAOMO BAI, was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17, and 33 and other relevant Articles of the Montreal Convention.

**ANSWER:**     MAS admits only that Montreal Convention is applicable to this claim and that the jurisdiction and liability provisions under the Montreal Convention govern in accordance with the terms as set forth therein. MAS denies that jurisdiction is proper in the United States under Article 33 of the Montreal Convention. To the extent that any remaining allegation of Paragraph 41 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

42.     At all times relevant hereto, Defendant, MASB and/or MAB, was the carrier who was providing international carriage by air to Plaintiff's Decedent, XIAOMO BAI, under the terms of the Montreal Convention.

**ANSWER:**     MAS admits only that it was the carrier who operated Flight MH370 on March 8, 2014 within the meaning of the Montreal Convention and that Xiaomo Bai was a ticketed passenger.  To the extent that any remaining allegation of Paragraph 42 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

43.     Article 17(1) of the Montreal Convention states:

The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

**ANSWER:**     MAS admits only that the Montreal Convention is applicable to this claim and that the Montreal Convention's liability provisions govern in accordance with the terms as

set forth therein.  To the extent that any remaining allegation of Paragraph 43 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

44.    The disappearance of Fight 370 on March 8, 2014 was an "accident" within the meaning of Article 17(1) of the Montreal Convention.  Defendant, MASB, has declared it as such. (See paragraph 16, above).

**ANSWER:**    MAS admits only that the loss of Flight MH370 was an "accident" within the meaning of the Montreal Convention.  MAS denies that the statement quoted in Paragraph 16 is attributable to MAS.  To the extent that any remaining allegation of Paragraph 44 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

45.    As a direct and proximate result of the aforesaid accident, Plaintiff's decedent, XIAOMO BAI, sustained injuries which resulted in her death.

**ANSWER:**    MAS admits only that all passengers on board Flight MH370 are presumed to have lost their lives. MAS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 and therefore denies all remaining allegations.

46.    As a direct and proximate result of the aforesaid accident, damages resulted to Plaintiff, to the Estate and to XIAOMO BAI's minor children and all other beneficiaries, survivors and heirs under applicable law, and caused pre-impact terror, pain, suffering, injuries and death to XIAOMO BAI. As a result, the distributes and loving survivors of XIAOMO BAI have suffered pecuniary loss, and non-pecuniary loss, and have incurred funeral expenses, and have suffered a loss of the pecuniary benefits and non-pecuniary benefits they had a reasonable

right to expect had XIAOMO BAI survived, including but not limited to the loss of her society, consortium, companionship, services, support, grief and sorrow, as well as possible inheritance and any other damages under the Montreal Convention or other applicable law.

**ANSWER:** MAS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and therefore denies all allegations.

47. Defendant, MASB, is strictly liable for the injuries the Plaintiff has sustained in the course of international carriage by air under the terms of the Montreal Convention.

**ANSWER:** MAS admits only that the Montreal Convention applies to this claim and that the Montreal Convention's liability provisions govern in accordance with the terms as set forth therein. To the extent that any remaining allegation of Paragraph 47 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

48. Defendant, MASB, may not limit its liability for the first 113,000 Special Drawing Rights for each passenger of Flight 370, including XIAOMO BAI. See Art. 21(1) of the Montreal Convention.

**ANSWER:** MAS admits only that the Montreal Convention applies to this claim and that the Montreal Convention's liability provisions govern in accordance with the terms as set forth therein. To the extent that any remaining allegation of Paragraph 48 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

49. For liability in amounts exceeding 113,000 Special Drawing Rights, Defendant, MASB, has the burden to prove the death of XIAOMO BAI was not caused by its negligence or other wrongful act or omission. See Art. 21(2) of the Montreal Convention.

**ANSWER:**   MAS admits only that the Montreal Convention applies to this claim and that the Montreal Convention's liability provisions govern in accordance with the terms as set forth therein. To the extent that any remaining allegation of Paragraph 49 is inconsistent with or incomplete under the Montreal Convention or is inconsistent with court decisions of the applicable jurisdiction, it is denied.

WHEREFORE, Defendant Malaysian Airline System Berhad (Administrator Appointed) prays for the entry of judgment in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice with costs awarded to it, and for such other and further relief as to this Court may seem just and proper in the circumstances.

### COUNT III – MALAYSIA AIRLINES BERHAD –<br>MONTREAL CONVENTION – MUKTESH MUKHERJEE

**NOTE: As set forth more fully following Paragraph 59, the allegations of Count III are not directed to MAS and no response is required.**

50.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

51.    On information and belief, at the time of his injury and death, Plaintiff's decedent, MUKTESH MUKHERJEE, was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17, and 33 and other relevant Articles of the Montreal Convention.

52.    At all times relevant hereto, Defendant, MAB and/or MASB, was the carrier who was providing international carriage by air to Plaintiff's Decedent, MUKTESH MUKHERJEE, under the terms of the Montreal Convention.

53.    Article 17(1) of the Montreal Convention states:

The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

54.     The disappearance of Fight 370 on March 8, 2014 was an "accident" within the meaning of Article 17(1) of the Montreal Convention.  Defendant, MAB, has declared it as such. (See paragraph 16, above).

55.     As a direct and proximate result of the aforesaid accident, Plaintiff's decedent, MUKTESH MUKHERJEE, sustained injuries which resulted in his death.

56.     As a direct and proximate result of the aforesaid accident, damages resulted to Plaintiff, to the Estate and to MUKTESH MUKHERJEE's minor children and all other beneficiaries, survivors and heirs under applicable law, and caused pre-impact terror, pain, suffering, injuries and death to MUKTESH MUKHERJEE.  As a result, the distributes and loving survivors of MUKTESH MUKHERJEE have suffered pecuniary loss, and non-pecuniary loss, and have incurred funeral expenses, and have suffered a loss of the pecuniary benefits and non-pecuniary benefits they had a reasonable right to expect had MUKTESH MUKHERJEE survived, including but not limited to the loss of his society, consortium, companionship, services, support, grief and sorrow, as well as possible inheritance and any other damages under the Montreal Convention or other applicable law.

57.     Defendant, MAB, is strictly liable for the injuries the Plaintiff has sustained in the course of international carriage by air under the terms of the Montreal Convention.

58.     Defendant, MAB, may not limit its liability for the first 113,000 Special Drawing Rights for each passenger of Flight 370, including MUKTESH MUKHERJEE.  See Art. 21(1) of the Montreal Convention.

59.     For liability in amounts exceeding 113,000 Special Drawing Rights, Defendant, MAB, has the burden to prove the death of MUKTESH MUKHERJEE was not caused by its negligence or other wrongful act or omission. See Art. 21(2) of the Montreal Convention.

**ANSWER:**     The allegations of Count III are directed to a defendant that Plaintiff has voluntarily dismissed and are not directed to MAS and do not require a response. Insofar as the allegations of Paragraphs 1 through 29 of the Complaint are deemed to pertain to MAS, MAS restates its answers to Paragraphs 1 through 29 as if fully set forth herein.  Insofar as any other allegation of Count III is deemed to be directed to MAS, it is denied.

WHEREFORE, to the extent Count III seeks to recover from Defendant Malaysian Airline System Berhad (Administrator Appointed), Malaysian Airline System Berhad (Administrator Appointed) prays for the entry of judgment in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice with costs awarded to it, and for such other and further relief as to this Court may seem just and proper in the circumstances.

### COUNT IV – MALAYSIA AIRLINES BERHAD – MONTREAL CONVENTION – XIAOMO BAI

**NOTE: As set forth more fully following Paragraph 69, the allegations of Count IV are not directed to MAS and no response is required.**

60.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as if fully set forth herein.

61.     On information and belief, at the time of her injury and death, Plaintiff's decedent, XIAOMO BAI, was engaged in international carriage by air as defined in Article 1(2) of the Montreal Convention and the same is therefore applicable to this action pursuant to Articles 1, 17, and 33 and other relevant Articles of the Montreal Convention.

62.    At all times relevant hereto, Defendant, MAB and/or MASB, was the carrier who was providing international carriage by air to Plaintiff's Decedent, XIAOMO BAI, under the terms of the Montreal Convention.

63.    Article 17(1) of the Montreal Convention states:

The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

64.    The disappearance of Fight 370 on March 8, 2014 was an "accident" within the meaning of Article 17(1) of the Montreal Convention.  Defendant, MAB, has declared it as such. (See paragraph 16, above).

65.    As a direct and proximate result of the aforesaid accident, Plaintiff's decedent, XIAOMO BAI, sustained injuries which resulted in her death.

66.    As a direct and proximate result of the aforesaid accident, damages resulted to Plaintiff, to the Estate and to XIAOMO BAI's minor children and all other beneficiaries, survivors and heirs under applicable law, and caused pre-impact terror, pain, suffering, injuries and death to XIAOMO BAI.  As a result, the distributes and loving survivors of XIAOMO BAI have suffered pecuniary loss, and non-pecuniary loss, and have incurred funeral expenses, and have suffered a loss of the pecuniary benefits and non-pecuniary benefits they had a reasonable right to expect had XIAOMO BAI survived, including but not limited to the loss of her society, consortium, companionship, services, support, grief and sorrow, as well as possible inheritance and any other damages under the Montreal Convention or other applicable law.

67.    Defendant, MAB, is strictly liable for the injuries the Plaintiff has sustained in the course of international carriage by air under the terms of the Montreal Convention.

68.     Defendant, MAB, may not limit its liability for the first 113,000 Special Drawing Rights for each passenger of Flight 370, including XIAOMO BAI.   See Art. 21(1) of the Montreal Convention.

69.     For liability in amounts exceeding 113,000 Special Drawing Rights, Defendant, MAB, has the burden to prove the death of XIAOMO BAI was not caused by its negligence or other wrongful act or omission.  See Art. 21(2) of the Montreal Convention.

**ANSWER:**   The allegations of Count IV are directed to a defendant that Plaintiff has voluntarily dismissed and are not directed to MAS and do not require a response. Insofar as the allegations of Paragraphs 1 through 29 of the Complaint are deemed to pertain to MAS, MAS restates its answers to Paragraphs 1 through 29 as if fully set forth herein.  Insofar as any other allegation of Count IV is deemed to be directed to MAS, it is denied.

WHEREFORE, to the extent Count IV seeks to recover from Defendant Malaysian Airline System Berhad (Administrator Appointed), Malaysian Airline System Berhad (Administrator Appointed) prays for the entry of judgment in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed with prejudice with costs awarded to it, and for such other and further relief as to this Court may seem just and proper in the circumstances.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSIVE MATTERS

Without prejudice to the denials contained in its Answer above, Malaysian Airline System Berhad (Administrator Appointed) ("MAS") asserts the following affirmative defenses and other defensive matters:

1.     This action should be dismissed on the ground of *forum non conveniens*.

2.     This Court lacks jurisdiction because MAS is an "agency or instrumentality" of a foreign state – Malaysia – as defined by the Foreign Sovereign Immunities Act (the "FSIA"), 28

U.S.C. §§ 1602, *et seq.*, and MAS is immune from the jurisdiction of the courts of the United States and the States because no exception to immunity under Sections 1605-1607 applies.

3.      This Court lacks jurisdiction under Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (hereinafter "Montreal Convention"), an international treaty, because: (i) MAS is domiciled and incorporated in Malaysia; (ii) MAS's headquarters are in Malaysia; (iii) based on information and belief, decedents' tickets for Flight MH370 were purchased and issued in China; (iv) China was the decedents' place of destination; and (v) Plaintiff's decedents' "principal and permanent residence" was in China, where the decedents had been residing since 2010, and therefore, the United States is not a proper jurisdiction under Article 33 of the Montreal Convention.

4.      This Court lacks personal jurisdiction over MAS in this matter.

5.      The Complaint fails to plead any substantive law applicable to this suit and therefore fails to state a cause of action against MAS upon which relief can be granted.

6.      Plaintiff lacks standing to bring this action.

7.      Without prejudice to the application of the law of a foreign state, this is a "nonjury civil action" governed by the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602, *et seq.*, and MAS expressly objects to Plaintiff's demand for jury on that ground.

8.      Without prejudice to the application of the law of a foreign state, this is an action governed by the Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada on May 28, 1999 (hereinafter "Montreal Convention"), an international treaty, pursuant to which some or all of Plaintiff's claims for damages are barred and/or limited.

9.      Without prejudice to the application of the law of a foreign state, this is an action in admiralty and is governed by the legal framework of the Death on the High Seas Act, 46 U.S.C.A. §§ 30301, *et seq.*

10.     Without prejudice to the application of the law of a foreign state, this is an action in admiralty governed by the Death on the High Seas Act, 46 U.S.C.A. §§ 30301, *et seq.*, pursuant to which some or all of Plaintiff's claims for damages are barred and/or limited.

11.     Without prejudice to the application of the law of a foreign state, this is an action in admiralty governed by the Death on the High Seas Act, 46 U.S.C.A. §§ 30301, *et seq.*, pursuant to which the class of decedents' eligible beneficiaries is limited.

12.     This is an action in admiralty governed by the Death on the High Seas Act, 46 U.S.C.A. §§ 30301, *et seq.*, pursuant to which Plaintiff is not entitled to a trial by jury, and MAS expressly objects to Plaintiff's demand for jury on that ground.

13.     Any and all injuries or damages of which Plaintiff complains were caused by the separate, independent and/or negligent actions or inactions or fault of third parties over whom MAS exercised no control or right of control.

14.     The right of the Plaintiff to recover in this litigation, if any, can only be determined after the percentages of fault of all parties to the incident complained of are determined, whether or not parties to this litigation, MAS demands an adjudication of the percentage of fault of each and every person whose fault contributed to this incident, and MAS's liability to Plaintiff for economic and/or non-economic damages, which is expressly denied, should be limited to its proportionate share determined in accordance with the relative culpability/liability of each person causing or contributing to the total liability, if any.

15.     Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments or benefits received, or entitled to be received, from any source.

16.     Without prejudice to the application of the law of a foreign state, this action is governed by the terms and conditions set forth in MAS's General Conditions of Carriage applicable to Flight MH370 and applicable tariffs.

17.     Flight MH370 was international transportation and decedents' contract of carriage did not begin or end in the United States, include an agreed stopping place in the United States, or have any other connection to the United States; therefore, Flight MH370 was not "foreign air transportation" subject to regulation by the United States Department of Transportation. See 49 U.S.C. § 40102(a)(23).

18.     MAS expressly reserves the right to assert additional affirmative defenses as necessitated by pre-trial discovery.

19.     MAS expressly reserves the right to assert additional affirmative defenses as necessitated by the ongoing investigation into the circumstances and cause of the accident involving Flight MH370.

## RULE 44.1 NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, MAS gives notice that it intends to raise issues concerning the law of a foreign country, including but not limited to the law of Malaysia, in this matter.  Furthermore, MAS reserves the right to assert and plead claims and defenses that may arise out of the application of the substantive law of another jurisdiction.

## OBJECTION TO PLAINTIFF'S JURY DEMAND

This is a "nonjury civil action" governed by the Foreign Sovereign Immunities Act (the "FSIA"), 28 U.S.C. §§ 1330, 1602, *et seq.*, which is to be tried to the Court.  Further, this is an

action in admiralty which is to be tried to the Court.  Accordingly, MAS expressly objects to Plaintiff's demand for jury and said demand should be stricken.

WHEREFORE, Defendant MALAYSIAN AIRLINE SYSTEM BERHAD (ADMINISTRATOR APPOINTED), incorrectly sued as "Malaysian Airlines System Berhad," demands judgment in its favor and against Plaintiff dismissing the Complaint, together with the costs and disbursements of this action and for such other and further relief as to this Court may seem just and proper in the circumstances.

March 7, 2016                                        Respectfully submitted,

                       By:     /s/ Richard A. Walker
                             Telly Andrews – ARDC No. 6242431
                             tandrews@kmalawfirm.com
                             Richard A. Walker – ARDC No. 6196947
                             rwalker@kmalawfirm.com
                             Robert A. Braun III – ARDC No. 6257875
                             rbraun@kmalawfirm.com
                             Marnie A. Holz – ARDC No. 6309264
                             mholz@kmalawfirm.com
                             KAPLAN, MASSAMILLO & ANDREWS, LLC
                             200 West Madison Street, 16th Floor
                             Chicago, Illinois 60606
                             (312) 345-3000 Tel.
                             (312) 345-3119 Fax.

                             Attorneys for Defendant
                             Malaysian Airline System Berhad (Administrator Appointed)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on March 7, 2016, pursuant to Fed. R. Civ. P. 5 and LR 5.5, a true and correct copy of the foregoing Answer and Separate Defenses of Defendant Malaysian Airline System Berhad (Administrator Appointed) to Plaintiff's Complaint was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the Court.

/s/ Richard A. Walker
Richard A. Walker